# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

CINDY ALVES, as Administratrix of the Estate of
CECIL ALVES, Deceased,

                              Plaintiff,

vs.

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION;
ANTHONY J. ANNUCCI, Acting Commissioner of New
York State Department of Corrections and Community
Supervision, in his official capacity and individually;
NEW YORK STATE OFFICE OF MENTAL HEALTH;
ANN MARIE SULLIVAN, Commissioner of New York
State Office of Mental Health, in her official capacity and individually;
CHRISTOPHER YEHL, Superintendent, Wende Correctional Facility,
in his official capacity and individually;
MARGARET STIRK, Unit Chief, Wende Correctional Facility,
in her official capacity and individually;
SERGEANT RENE BUSTER; in her official capacity and individually;
MELISSA M DESA, MD, in her official capacity and individually;
CHRISTOPHER ZALUSKI, counselor, in his official capacity and individually;
STEVEN MAHER, in his official capacity and individually, Office of Special Investigation;
and Wende Correction Officers JOHN and JANE DOES 1-5, in their official capacity and
individually;

                              Defendants.

_____

Index no.:

Plaintiff designates Erie
County as place of trial

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

        **YOU ARE HEREBY SUMMONED**, to answer the Complaint in this action and to
serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a
Notice of Appearance, on the plaintiff's attorneys within TWENTY (20) DAYS after the service
of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the
service is complete if this Summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the Complaint.

DATED:        Buffalo, New York
              February 17, 2024

                              **PENBERTHY LAW GROUP LLP**

By:    /s/ *Brittany L. Penberthy*

BRITTANY L. PENBERTHY, ESQ.

Attorneys for Plaintiff

Office and P.O. Address

227 Niagara Street

Buffalo, New York 14201

(716) 803-8402

Case 1:24-cv-00425-JLS-MJR    Document 1-2    Filed 05/02/24    Page 4 of 63

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

CINDY ALVES, as Administratrix of the Estate of
CECIL ALVES, Deceased,

                              Plaintiff,                    **COMPLAINT**

vs.

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION;
ANTHONY J. ANNUCCI, Acting Commissioner of New
York State Department of Corrections and Community
Supervision, in his official capacity and individually;
NEW YORK STATE OFFICE OF MENTAL HEALTH;
ANN MARIE SULLIVAN, Commissioner of New York
State Office of Mental Health, in her official capacity and individually;
CHRISTOPHER YEHL, Superintendent, Wende Correctional Facility,
in his official capacity and individually;
MARGARET STIRK, Unit Chief, Wende Correctional Facility,
in her official capacity and individually;
SERGEANT RENE BUSTER; in her official capacity and individually;
MELISSA M DESA, MD, in her official capacity and individually;
CHRISTOPHER ZALUSKI, counselor, in his official capacity and individually;
STEVEN MAHER, in his official capacity and individually, Office of Special Investigation;
and Wende Correction Officers JOHN and JANE DOES 1-5, in their official capacity and
individually;

                              Defendants.

_____

        Plaintiff, CINDY ALVES, as Administratrix of the Estate of CECIL ALVES, deceased, by

and through her attorneys, PENBERTHY LAW GROUP LLP, as and for her Complaint in the

action against Defendants NEW YORK STATE DEPARTMENT OF CORRECTIONS AND

COMMUNITY SUPERVISION; ANTHONY J. ANNUCCI, Acting Commissioner of New York

State Department of Corrections and Community Supervision, in his official capacity and

individually; NEW YORK STATE OFFICE OF MENTAL HEALTH; ANN MARIE

SULLIVAN, Commissioner of New York State Office of Mental Health, in her official capacity

and individually; CHRISTOPHER YEHL, Superintendent, Wende Correctional Facility, in his official capacity and individually; MARGARET STIRK, Unit Chief, Wende Correctional Facility, in her official capacity and individually; Wende Correctional Facility, in her official capacity and individually; SERGEANT RENE BUSTER; in her official capacity and individually; MELISSA M DESA, MD, in her official capacity and individually; CHRISTOPHER ZALUSKI, counselor, in his official capacity and individually; STEVEN MAHER, in his official capacity and individually, Office of Special Investigation; and Wende Correction Officers JOHN and JANE DOES 1-5, in their official capacity and individually, hereby alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff CINDY ALVES, as Administratrix of the Estate of CECIL ALVES, deceased, brings this action alleging wrongful death and civil rights violations arising out of the death of Cindy Alves' brother, Cecil Alves, when Mr. Alves committed suicide on February 23, 2022 while he was incarcerated at Wende Correctional Facility ("Wende") and in the custody of the New York State Department of Correction and Community Supervision ("DOCCS"), after well documented mental health struggles and warnings on risk of suicide.   Plaintiff alleges state and prison officials, practitioners, and agents thereof, acted recklessly and callously, in part, by failing to initiate appropriate suicide prevention measures and denied Mr. Alves the appropriate and accepted treatment while at Wende.

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages for constitutional violations, actionable under 42 U.S.C. § 1983, being Federal Questions cognizable in this Court under 28 U.S.C. § 1331, and for New York State law claims resulting in personal injuries due to negligence, medical malpractice, and wrongful death.

2.  Venue is proper in this Court as all of the events giving rise to the claims occurred within the territorial jurisdiction of Erie County.

## PARTIES

3.  The plaintiff, CINDY ALVES, as Administratrix of the Estate of CECIL ALVES, at all times hereinafter mentioned, was and still is a resident of the County of Nassau, State of New York.

4.  On or about January 25, 2023, the plaintiff, CINDY ALVES, was granted Letters of Administration by the Surrogate's Court for the County of Erie, State of New York, authorizing her to pursue the causes of action stated herein this Complaint. Plaintiff, CINDY ALVES is still acting as the Administrator of the Estate of CECIL ALVES.

5.  Defendant New York State Department of Corrections and Community Supervision ("DOCCS") is the department of the State of New York responsible for the confinement and habitation of incarcerated individuals held in correctional facilities throughout the State, and an employer of corrections officers at its facilities throughout the State of New York, including Wende Correctional Facility ("Wende") in Alden, New York.

6.  Defendant New York State Office of Mental Health ("OMH") is a department of the State of New York responsible for operating and managing psychiatric services across the State. At all relevant times, Defendant ANN MARIE SULLIVAN was Commissioner of OMH, employing

various medical and mental health care providers responsible for the medical care of people incarcerated at DOCCS facilities, and has been sued in her individual and official capacities.

7.   At all times relevant hereto, Defendant CHRISTOPHER YEHL ("YEHL") was the Superintendent of Wende, a correctional facility within the New York State Department of Corrections and Community Supervision ("DOCCS"), acting under color of state law, and sued in his individual and official capacities. As Superintendent, his responsibilities included the care, custody, and control of all inmates, as well as the supervision of all staff. He was responsible for the creation, promulgation, implementation, and oversight of policies and programs governing on-site medical treatment of inmates at Wende. As Superintendent, YEHL had a duty to ensure the physical safety and wellbeing of the people incarcerated at Wende and to provide them with fundamental human necessities, including medical care and avoidance of harm. Defendant YEHL has been sued in his individual and official capacities.

8.   Defendant YEHL and was responsible for various of the day-to-day operations of the Wende Correctional Facility, and the safekeeping of inmates. YEHL was also  responsible for the training, supervision, hiring, and retention of facility's sergeants, lieutenants, captains, deputies, and officers, including, but not limited to, those engaged and involved in the custody, safekeeping, and detention of Mr. Alves, including Defendants SERGEANT RENE BUSTER and JOHN and JANE DOES 1-5.

9.   At all times relevant hereto, Defendant MARGARET STIRK was a New York State Office of Mental Health ("OMH") Forensic Unit Chief assigned to the Wende Satellite Mental Health Unit, where she exercised supervisory authority on behalf of the DOCCS and OMH. Defendant Stirk participated in and/or had knowledge of and failed to intervene in the denial of adequate

medical treatment to Mr. Alves. Defendant STIRK has been sued in her individual and official capacities.

10. Defendant SERGEANT RENE BUSTER was, at all times relevant hereto, a senior official at Wende Correctional Facility who exercised policymaking, supervisory, and disciplinary authority on behalf of the DOCCS and OMH, acting under color of state law. Defendant BUSTER has been sued in her individual and official capacities.

11. At all times relevant hereto, Defendant MELISSA M DESA, M.D. was a physician assigned to Wende, where she was responsible for the provision of appropriate medical care to patients, including that of mental health to Mr. Alves prior to his death. Defendant DESA has been sued in her individual and official capacities.

12. Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA are charged by the laws of the State of New York with a duty to maintain the Wende Correctional facility, to provide adequate supervision to prevent harm to persons housed within the facility, and/or to train employees staff and/or other subordinates rendering supervision or medical/psychiatric care and treatment within the facility, and as such, are responsible for the health and safety of those incarcerated at Wende.

13. At all times relevant hereto, Defendant CHRISTOPHER ZALUSKI was a counselor assigned to Wende, where he was responsible for the provision of appropriate medical care and supervision to patients, including Mr. Alves. Defendant ZALUSKI has been sued in his individual and official capacities.

14. At all times relevant hereto, Defendant STEVEN MAHER was the Chief of Investigations for the DOCCS Office of Special Investigations, and directly informed of the suicide risk of Mr.

Alves shortly before his passing and neglected to properly address the same. Defendant MAHER has been sued in his individual and official capacities.

15. On information and belief, at all times relevant hereto, Wende Correction Officers JOHN and JANE DOES 1-5 were correctional personnel assigned to Wende, where they were responsible for the provision of appropriate supervision and care of inmates, including Mr. Alves. Some or all of the John and Jane Smith Defendants were also responsible for the review, monitoring, and coordination of appropriate treatment or housing plans for prisoners suffering from potential mental health deficits, including Mr. Alves. Defendants JOHN and JANE DOES 1-5 have been sued in their individual and official capacities.

16. At all times relevant hereto, all named individual defendants herein were acting under color of state law.

17. On information and belief, at all times relevant hereto, Defendants SULLIVAN, STIRK, DESA, and ZALUSKI ("the Medical Defendants") were physicians, physician's assistants, nurses, social workers, and/or mental health care providers/supervisors who participated in and/or had knowledge of and failed to intervene in the denial of adequate medical care to Mr. Alves. Their duties to provide medical care to inmates at Wende included but were not limited to caring for all patients at Wende, which included, but was not limited to, cell visits, physical examinations, identification of acute conditions, design and implementation of appropriate plans to facilitate care, provision of medications, coordination of treatment with other providers, direct oversight and supervision of nursing staff, and/or provision of emergency medical care. At all relevant times hereto, the Medical Defendants were acting under color of state law. Their responsibilities were required to be carried out in a manner consistent with the legal mandates that govern the operation of New York prisons, including DOCCS and OMH policies, procedures, directives, and protocols,

in addition to all relevant local, state, and federal statutes and regulations. Some of the Medical Defendants (identified potentially by "Wende Correction Officers JOHN and JANE DOES 1-5") are sued under fictious designations because plaintiff has been unable to ascertain their names, despite reasonable efforts to do so.

18. On information and belief, at all times relevant hereto, Defendants Wende Correction Officers JOHN and JANE DOES 1-5 were assigned to Wende, supervising Mr. Alves, and responsible for the provision of appropriate supervisory care to inmates at Wende.

19. At all times relevant hereto, Defendants ANNUCCI, SULLIVAN, YEHL (and his predecessor), STIRK, BUSTER, DESA, ZALUSKI, and MAHER, were DOCCS or OMH employees working at Wende or for the benefit of those at Wende, and who participated in and/or had knowledge of and/or failed to properly supervise and protect Mr. Alves against suicide.

20. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA each had policy-making and supervisory authority within DOCCS and were personally involved in authorizing and maintaining the unconstitutional policies and customs that failed to properly supervise and protect Mr. Alves from self-harm, and knew or should have known the same would cause the deprivation of Mr. Alves' federal rights.

21. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA each had policy-making and supervisory authority with regard to DOCCS disciplinary processes, including reviewing, affirming, modifying, or reversing dispositions imposed at hearings, and failed to properly address those grievances expressed by Plaintiff, decedent, and decedent's family that were advised would increase Mr. Alves' risk of suicide, and knew or should have known the same would cause the deprivation of Mr. Alves' federal rights.

Case 1:24-cv-00425-JLS-MJR   Document 1-2   Filed 05/02/24   Page 11 of 63

22. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA's subordinate officers or agents, as further described below, acted or failed to act in such a manner as to deprive Mr. Alves of certain federal rights.

23. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 were acting pursuant to and in furtherance of their duties as officers, agents, and/or employees of DOCCS and OMH, and therefore DOCCS and OMH are vicariously liable for the acts of these parties.

24. All Defendants herein were responsible for the care, custody, and safety of all prisoners under their immediate jurisdiction.

25. Through their policy-making authority, supervisory authority, and review responsibilities, each of the Defendants could have and should have protected Mr. Alves from suicide, but did not.

26. Wende Correction Officers JOHN and JANE DOES 1-5 were employees or otherwise subordinates of ANNUCCI, SULLIVAN, YEHL, and/or DESA, and were involved in the supervision of Mr. Alves while he was in the custody of DOCCS and/or Wende. Part of the supervision and safekeeping detail of Plaintiff's decedent included proper medication, proper mental health treatment, the placement of decedent in a suicide gown, and maintaining increased or constant supervision of decedent.

**FACTUAL BACKGROUND**

27. Claimant CINDY ALVES was the sister of CECIL ALVES, deceased, and resides at 315 Riverside Boulevard, Long Beach, County of Nassau, State of New York.

28. Claimant CINDY ALVES was appointed Letters of Administration by Erie County Surrogates Court on or about January 25, 2023, and remain in full force and effect.

Case 1:24-cv-00425-JLS-MJR    Document 1-2    Filed 05/02/24    Page 12 of 63

29. At all times hereinafter mentioned, Claimant CINDY ALVES and Rupiya Seepersad were and are the sister and mother of the decedent, respectively, and are the heirs and distributees at law of his estate.

30. Decedent was survived by heirs-at-law, who sustained pecuniary loss as a result of his death, including, but not limited to, loss of income, loss of benefits, extreme emotional distress, loss of household services, assistance, advice, love, nurturing, earnings, inheritance, and related damages.

31. On or about February 23, 2022, the decedent, CECIL ALVES, a state inmate, was found deceased at WENDE CORRECTIONAL FACILITY, a state prison located at 3040 Wende Road, Alden, County of Erie, State of New York 14004.

32. At all times hereinafter mentioned, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, its employees, servants, and/or agents owned, operated, maintained, controlled, managed, and/or supervised WENDE CORRECTIONAL FACILITY.

33. At the time of his death, Mr. Alves was only 43 years of age, having been in the custody since the age of 19, and sentenced to a life sentence at the age of 20.

34. During all points of his incarceration, decedent suffered and was plagued by mental health deficiencies, including recognized and elevated risk of suicide.

35. On top of these longstanding risk factors, Mr. Alves experienced a cascade of stressful, distressing events that further escalated his risk for suicide in the weeks leading up to his death, including recent grievances that had not been satisfactorily tended to.

36. Prior to his death, Mr. Alves had recently spent time in solitary confinement and the mental health ward, where his mental health declined. All of these events were clearly documented in his

clinical records. But Defendants repeatedly ignored the glaring warning signs that Mr. Alves was at exceptionally high risk for suicide.

37. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI and DESA (the "Individual Defendants") reviewed, approved, and signed-off on the disciplinary review boards' continued decisions to keep Mr. Alves specifically confined, in knowing disregard of the lack of supervision and lacking justification for such type of confinement.

38. With reckless and wanton disregard for Mr. Alves's known suicidal risk, Defendants failed to properly place Mr. Alves on a necessary level of suicide watch.

39. From as early as his admission to DOCCS at the age of 19, DOCCS staff knew that Mr. Alves checked the boxes for many chronic risk factors for suicide; Mr. Alves and his family had reported to Defendants his mental deficits, thoughts, and inclinations regarding suicide attempts, including just prior to his death.

40. In the months preceding his death, Claimant CINDY ALVES and Rupiya Seepersad directly and candidly warned ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI and DESA (the "Individual Defendants") of the deterioration of decedent's mental health and the potential risk of suicide, via oral and written notification.

41. In the months prior to the death of Mr. Alves, Claimant CINDY ALVES and Rupiya Seepersad directly and candidly warned ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI and DESA (the "Individual Defendants") of the inadequate treatment received by Mr. Alves, including that for mental health and the denial of appropriate medical care.

42. Eerily, in a notice dated December 3rd, 2021, to the Acting Superintendent of Wende Correctional Facility, Defendants ANNUCCI, MAHER, ZALUSKI, and DESA,  Rupiya Seepersad indicated:

"Cecil has continuously documented the harassment he has endured from prison officers with names specified in his appeals. This injustice needs to stop. Despite being an inmate, prisoners should be treated with some humanity and not as animals. I am his mother and I am advocating for my son. All my son wishes, is for the prison officers not to in still constant fear via verbal/physical intimidation (i.e. mace spray). My son is hearing impaired cannot read or write. He has a history of anxiety/depression as well as suicidal attempts. If this harassment continues by your prison officers, it can end in a fatal tragedy for my son."

See **Exhibit A**, Letter of R. Seepersad dated December 3, 2021.

43. Previously, Plaintiff had complained to Defendants STIRK and DESA in a similarly concerning letter about the serious mental health issues being suffered by Mr. Alves and action to "prevent another suicide attempt."

44. Plaintiff and her mother, Rupiya Seepersad, complained the perceived lack of interest in attending to decedent's grievances made him more susceptible to self-harm based on past attempts and his psychological and medical needs, including the consistent complaints prison personnel would purposefully harass decedent.

45. Defendants knew that Mr. Alves faced a substantial risk of serious bodily harm and disregarded that risk by failing to take reasonable measures to abate it.

46. Defendants DOCCS, ANNUCCI, OMH, SULLIVAN, YEHL, STIRK, BUSTER, DESA, ZALUSKI, MAHER, and Wende Correction Officers JOHN and JANE DOES 1-5, and their agents, servants, and/or employees, including but not limited to doctors, nurses, professionals and staff, committed malpractice in their negligent and reckless treatment of the deceased prior to his death, causing or contributing thereto.

47. An investigation into Mr. Alves' death by the Attorney General's Office listed the incident to be "suicide" and the DOCCS Wende Correctional Facility.

48. The death of Cecil Alves and resulting injuries to Plaintiff was caused solely by the negligence, carelessness, and recklessness of Defendants, their agents, servants, and/or employees, in their ownership, operation, management, supervision, control, and maintenance of the Wende

Correctional Facility, based upon the wrongful, negligent, wanton, careless, reckless, malfeasant and tortious conduct described herein.

49. Defendants had both actual and constructive notice of Decedent's diminished and declining mental health.

50. As a result of the above, Claimant and Decedent's estate incurred funeral expenses and administrative expenses.

51. A Notice of Intention to File a Claim was served upon the Office of the Attorney General of the State of New York on or about April 7, 2022, extending the time to commence a claim, including that for wrongful death.

52. The claim accrued on February 23, 2022 when decedent, Cecil Alves, died by suicide while in custody of the Wende Correctional Facility.

53. This instant claim is therefore timely as filed within two (2) years of the date of death.

54. Decedent Cecil Alves first came into the custody of a facility within the New York State Department of Corrections and Community Supervision on or about January 21, 2000, with a life sentence following his criminal conviction.

55. Upon entry with DOCCS, Decedent underwent an initial mental health screening and evaluation.

56. The initial evaluation, and those subsequent, detailed Mr. Alves' history of mental health issues and chronic suicide risk factors, including that Mr. Alves had previously attempted suicide.

57. The imposition of a life sentence is a significant risk factor for suicidal behavior, since the person may not see a reason to keep living. A person's initial adjustment to a life sentence, and feelings of hopelessness and the sudden narrowing of future prospects, often leads to desperation and suicidal thoughts.

58. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI and DESA were responsible for identifying inmates who are at risk of suicide, and to cause them to institute a treatment program consistent with good and accepted medical care and suicide prevention.

59. At some point following his criminal sentence, Decedent Cecil Alves was transferred to Wende Correctional Facility, to continue serving his term of incarceration.

60. Critically, upon information and belief, long prior to his suicide, the Individual Defendants were associated with and familiar with decedent's medical and psychiatric file and/or records, including the fact that he had previously been noted to have high risk factors, including medical and psychiatric risks.

61. Moreover, family members of the decedent, including Plaintiff CINDY ALVES, warned Defendants of the mental health concerns of Decedent, and who failed to take proper response.

62. Reports issued by the New York State Commission of Correction Medical Review Board to the facility, DOCCS, and OMH involved investigations into the following suicides pre-dating that of Mr. Alves:

- 2010 – Raymond Hall
- 2010 – Milton Muller
- 2012 – Jorge Rios
- 2014 – Todd Heatley
- 2014 – Robert Skinner
- 2016 – James Willaims
- 2017 – Dante Taylor
- 2018 – Christian Salazar Miguel
- 2019 – Kaazim Freeman

63. Those reports issued on prior suicides directly assess whether policies and procedures at Wende were followed and what, if any, improvements can be implemented, to which all Defendants failed to properly implement to ensure the proper safeguards against harm.

64. Importantly, the Office of the New York State Attorney General issued its First Report Pursuant to Executive Law Section 70-b by its Office of Special Investigation, dated October 1, 2021 and which intended to address those concerns raised by the public on the deaths of individuals relating to police custody or encounters, including inmates such as decedent.

65. Here, the supervisory defendants, including ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA were informed of the violations of prison safeguards via the aforementioned report and failed to remedy the wrong.

66. In ignoring the findings in the report of the Office of Special Investigations, and those reports/investigations of inmate suicide deaths pre-dating Mr. Alves (i.e. Dante Taylor, Kaazim Freeman, et al.), Defendants exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

67. In failing to supervise against and properly respond to potential suicide risks, Defendants further created a custom under which unconstitutional practices occurred and allowed the continuance of such a policy or custom.

68. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI and DESA were grossly negligent in supervising subordinates who committed the wrongful acts described herein.

69. Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI and DESA were grossly negligent in supervising other officers or in failing to act on information indicating that Mr. Alves was at substantial risk of self-harm.

70. The conditions of confinement used against Mr. Alves objectively pose an unreasonable risk of serious harm to and inmate's current or future health.

71. Upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants and/or employees of the DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA, more particularly, in failing to appropriately supervise and observe decedent while he was incarcerated; in failing and omitting to make and undertake proper safeguards for care and protection of the decedent; in failing and omitting to ensure decedent was provided and supplied with necessary and proper medical care; in failing and omitting to have comprehensive policies, procedures and/or guidelines established and in place to prevent deaths of inmates and in failing to properly train and monitor their agents, servants and/or employees with respect to the proper handling, supervision and monitoring of inmates.

72. Upon information and belief, as per DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA's policies, constant supervision required that a deputy or staff maintain an uninterrupted visual observation of decedent, and continuous and direct supervision by permanently occupying an established post in close proximity to Mr. Alves, such as to maintain a continuous clear view of him, and the ability to immediately and directly intervene in response to situations or behavior observed which threaten the health or safety of prisoners or the good order of the facility.

73. Defendants, including ZALUSKI and Wende Correction Officers JOHN and JANE DOES 1-5, were to be stationed outside and near Plaintiff decedent's cell, to conduct supervision of decedent, and failed in their duties on the date of Mr. Alves' death, February 23, 2022.

74. The monitoring requirements of inmates are promulgated in part by the Commission of Corrections, Title 9 of the New York Code of Rules and Regulations, and the Commissioner of

Corrections Chairman's Memoranda, all of which were binding on the Individual Defendants, and were not properly adhered to on the date of Mr. Alves' death.

75. While Plaintiff's decedent required sufficient supervision as the result of his various mental health assessments made upon intake related to suicide and mental deficit issues, New York Code of Rules and Regulations including Title 9 Part 7003 should have required prison personnel here to visually observe decedent without interruption at a post in close proximity to decedent, to notate every fifteen minutes  in a logbook the activities of decedent for the preceding fifteen minutes, and to periodically verify signs of decedent's life, such as movement or audible speech, breathing, or snoring, all of which observations were required to have been notated in the logbook, which Defendants, or their agents/employees, failed to do.

76. Compliance with Title 9 of the New York Code of Rules and Regulations including interpretive guidance of these rules by Commission of Corrections and the Commission of Corrections' Chairman's Memoranda, were all binding upon the Individual Defendants.

77.  Defendant ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA's failures to train included failing to train their employees and/or agents to verify signs of life of inmates under constant watch or constant supervision in compliance with Commission of Corrections authority and failing to train their employees and/or agents to maintain a post with a clear and continuous view of inmates under constant watch or constant supervision. Defendant ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA's failures to train contributed to Wende Correction Officers JOHN and JANE DOES 1-5's failures to verify Plaintiff decedent's signs of life, in failing to position a post adequately close to the cell of decedent to maintain a continuous and clear view in close proximity to Plaintiff's decedent.

Case 1:24-cv-00425-JLS-MJR    Document 1-2    Filed 05/02/24    Page 20 of 63

78. Defendants Wende Correction Officers JOHN and JANE DOES 1-5 did not maintain a constant watch or constant supervision with an uninterrupted or unobstructed or clear view at all times of Plaintiff's decedent, nor did they periodically check to verify signs of life of Plaintiff's decedent.

79. Defendants Wende Correction Officers JOHN and JANE DOES 1-5 purportedly conducted supervisory visits of the cells, but during these visits, did not inquire about, request, or undertake to verify signs of life of Plaintiff's decedent.

80. Additionally, the Individual Defendants failed to properly assess and address the escalating mental health crises suffered by Mr. Alves immediately prior to his final suicide attempt.

81. Upon information and belief, despite the high-risk assessment of Mr. Alves, the suicide threats expressed, and/or the appearance of declination of mental health, Plaintiff's decedent was not properly examined by a physician or provided appropriate mental health care to prevent his death.

82. Defendants negligence in protecting its inmates was similarly noted in the suicide deaths of inmates Dante Taylor (see Taylor v. Eckert et al., 20-CV-6522-FPG WDNY) and Kaazim Freeman (see Matthews v. The Attorney General of the State of New York et al., Claim No. 134085, New York Court of Claims), each who succumbed to suicide in the last 5 years while housed at Wende Correctional and whose estates had claims of the same nature herein.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S DECEDENT'S FOURTEENTH AMENDMENT RIGHT TO ADEQUATE MEDICAL CARE AND TREATMENT, ACTIONABLE UNDER 42 U.S.C. § 1983:**

83. Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs, "1" through "82," with the same force and effect as if set forth fully herein.

INDEX NO. 802709/2024

Case 1:24-cv-00425-JLS-MJR   Document 1-2   Filed 05/02/24   Page 21 of 63

RECEIVED NYSCEF: 02/21/2024

84. Defendants here, as described above, acted with sufficiently culpable mind, ignoring the needs of inmates, including Mr. Alves, when Defendants had knowledge Mr. Alves faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm, as evident by the publication following the 2021 investigation by the Office of Special Investigations of the New York State Attorney's Office, indicating a concern for inmate safety and precautions against harm.

85. At all times mentioned herein, the Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 were public actors or municipal administrative arms, acting under color of state law.

86. Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, and DESA were responsible for establishing the municipal policies relative to procuring appropriate medical care and treatment of inmates suffering mental health situations, and failed to properly implement the same, which was a practice so widespread and consistent that, although not expressly authorized, constituted a custom or usage of which a supervising policymaker must have been aware; and/or the failure of policymakers of Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, and DESA to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal and/or law enforcement employees, and that, as a result of the policies, customs, or practices of DOCCS and OMH, Defendants caused the deprivation of Plaintiff's decedent's access to adequate medical care and treatment, in violation of his Fourteenth Amendment right to same. Here, Defendants, by and through their subordinates and employees, deliberately ignored various warnings raised by various

persons that decedent was in need of immediate medical assistance while suffering from a serious

mental condition or conditions, and that Defendants ignored the serious medical condition/s and

failed to act, resulting in Plaintiff's decedent's pain and suffering, and ultimate death.

87. Upon information and belief, Defendants by and through its subordinates and/or physician

and other staff failed to ensure the supervision of Plaintiff's decedent, Cecil Alves, resulting in his

death.

88. The COUNTY is vicariously liable for the negligence of its subordinates as set forth in the

preceding paragraphs.

89. WHEREFORE, Plaintiff CINDY ALVES prays for judgment as herein set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
SULLIVAN, STIRK, ZALUSKI, AND DESA FOR MEDICAL MALPRACTICE:**

90. Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation contained

in the preceding paragraphs, "1" through "89," with the same force and effect as if set forth fully

herein.

91. While housed within DOCCS, Defendants DOCCS, OMH, SULLIVAN, STIRK,

ZALUSKI, and DESA had a statutory duty to provide a medical care and treatment to Plaintiff's

decedent while he was in the custody of DOCCS.

92. Employees, independent contractors, and/or other subordinates and/or those rendering

medical care to Plaintiff's decedent negligently failed to treat Mr. Alves.

93. Further, Defendants DOCCS, OMH, SULLIVAN, STIRK, ZALUSKI, and DESA and/or

others in the employ and acting in furtherance of the duties of the Defendants were in possession

of actual and/or constructive knowledge of Plaintiff's decedent's extensive medical and psychiatric

history, much of which was compiled and produced while he was an inmate within DOCCS, and

were aware that Plaintiff's decedent had high medical and psychiatric risks requiring heightened care, and the same failed to exercise reasonable care notwithstanding this information.

94.  Further, Defendants, and/or others in the employ and acting in furtherance of the duties of the Defendants DOCCS, OMH, SULLIVAN, STIRK, ZALUSKI, and DESA were advised by Plaintiff and decedent's family that he was suicidal, and nevertheless failed to refer him to a hospital, or otherwise properly monitor his condition.

95.  Additionally, the failures of Defendants DOCCS, OMH, SULLIVAN, STIRK, ZALUSKI, and DESA, and others in the employ or subordinates, to refer Plaintiff's decedent to a higher level of care resulted in Plaintiff's decedent not receiving appropriate medical intervention and ultimately his death.

96.  As a result of these various failures constituting medical malpractice of Defendants DOCCS, OMH, SULLIVAN, STIRK, ZALUSKI, and DESA, and/or others in the employ and acting in furtherance of the duties of the these Defendants, Plaintiff's decedent was improperly and inadequately treated.

97.  As a result of the joint and several failures of Defendants DOCCS, OMH, SULLIVAN, STIRK, ZALUSKI, and DESA, and others in the employee of and subordinates, concerning the provision of medical care and treatment to Plaintiff's decedent, Cecil Alves was caused to die and sustain great pain and suffering and physical anguish.

98.  Upon information and belief, the Defendants DOCCS, OMH, SULLIVAN, STIRK, ZALUSKI, and DESA engaged in a negligent practice in failing to provide and make available a prison physician, as it was statutorily obligated to, either as a matter of practice or in the instant case.

99. WHEREFORE, Plaintiff, CINDY ALVES prays for judgment as herein set forth below.

Case 1:24-cv-00425-JLS-MJR   Document 1-2   Filed 05/02/24   Page 24 of 63

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## ALL DEFENDANTS FOR NEGLIGENCE:

100.    Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs, "1" through "99," with the same force and effect as if set forth fully herein.

101.    Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 had a duty to maintain the Wende facility, a duty of care to protect their inmates from risks of harm that were reasonably foreseeable, and a duty to provide adequate and non-negligent medical care and treatment to prisoners, including to Plaintiff's decedent, Cecil Alves.

102.    As a result of the Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, and DESA's negligent training, supervision, and retention of its employees and subordinates who worked in Wende Correctional Facility, said Defendants negligently disregarded multiple rules, regulations, and protocols in the operation of the facility such that Plaintiff's decedent was not sent to a hospital or provided with heightened medical care and supervision when it became apparent that Mr. Alves was in need of urgent medical care, and same additionally failed to order adequate increased supervision.

103.    As a result of Defendants ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, and DESA's failure to train, supervise, and negligently retain its employees and/or subordinates, said Defendants failed to adequately supervise and monitor Plaintiff's decedent and take steps to ensure that he received adequate medical care and treatment, and, as a consequence of such failures in the training, supervision, and retention of said subordinates, Plaintiff's decedent was effectively left unattended, and did suffer and die as a result of the aforesaid negligence.

104.     Moreover, any supervisory defendants, including ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, and DESA, is vicariously liable for the negligence of its staff, employees, and subordinates with respect to the above-described negligence, including that of Wende Correction Officers JOHN and JANE DOES 1-5.

105.     WHEREFORE, Plaintiff, CINDY ALVES prays for judgment as herein set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and  JOHN and JANE DOES 1-5 FOR WRONGFUL DEATH:**

106.      Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs, "1" through "105," with the same force and effect as if set forth fully herein.

107.     Plaintiff's decedent left surviving his mother and sister.

108.     Plaintiff's decedent's heirs were dependent upon decedent for support and maintenance, which they are now deprived of as a result of the aforesaid incident.

109.     As a result of the aforesaid incident, medical, funeral and burial expenses have been incurred.

110.     By reason of decedent's death caused by the negligence of the Defendants as aforesaid, his distributees have sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

111.     WHEREFORE, Plaintiff CINDY ALVES prays for judgment as herein set forth below.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, DESA, and  JOHN and JANE DOES 1-5  FOR MAINTAINING POLICIES, CUSTOM, AND PRACTICES THAT FAILED IN DEFENDANTS' DUTY TO PROTECT**

**DECEDENT CONSTITUTING DELIBERATE INDIFFERENCE IN VIOLATION OF
PLAINTIFF DECEDENT'S FOURTEENTH AMENDMENT RIGHTS, ACTIONABLE
UNDER 42U.S.C. § 1983**

112.     Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation
contained in the preceding paragraphs, "1" through "111," with the same force and effect as if set
forth fully herein.

113.     As previously described, Defendants DOCCS, OMH, ANNUCCI, SULLIVAN,
YEHL, STIRK, BUSTER, MAHER, DESA, and JOHN and JANE DOES 1-5 maintained a policy,
custom, or practice of deliberate indifference to the hiring, supervision, or discipline of its
employees knowing that those employees would come into contact with inmates suffering from
mental health challenges, like Plaintiff Decedent.

114.     Based upon the foregoing, Defendants DOCCS, OMH, ANNUCCI, SULLIVAN,
YEHL, STIRK, BUSTER, MAHER, DESA, and  JOHN and JANE DOES 1-5 had actual notice
of the imminent risk of suicide, based upon, in part, the letters and calls received, statements of
decedent, visual monitoring.

115.     Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER,
MAHER, DESA, and  JOHN and JANE DOES 1-5 were aware of decedent's history of suicide
attempts, his diminished mental status, his depression, and his medical and psychological
problems.

116.     At all times mentioned herein, Defendants DOCCS, OMH, ANNUCCI,
SULLIVAN, YEHL, STIRK, BUSTER, MAHER, DESA, and  JOHN and JANE DOES 1-5 and
their employees, were public actors or a municipality administrative arm, acting under color of
state law. Officials within DOCCS,OMH, and the Wende facility were responsible for establishing
the municipal policies relative to procuring medical care and treatment of inmates in the custody

of Defendants', and/or a practice so widespread and consistent that, although not expressly authorized, constituted a custom or usage of which a supervising policymaker of Defendants' must have been aware, and/or the failure of policymakers of the Defendants' to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with DOCCS and that, as a result of the policies, customs, or practices of the Defendants, caused the deprivation of Plaintiff's decedent's access to adequate medical care and treatment, in violation of his Fourteenth Amendment right to same. Defendants, and by and through their subordinates and employees, whom deliberately ignored various warnings raised by various persons that decedent was in need of immediate medical assistance, and wherein Defendants ignored the serious medical condition/s and failed to act, resulting in Plaintiff Decedent's pain and suffering, and ultimate death.

117.     As a result of the policies, customs, or practices of Defendants, such caused the deprivation of Plaintiff Decedent's access to adequate medical care and treatment in violation of his Fourteenth Amendment right to same.

118.     WHEREFORE, Plaintiff CINDY ALVES prays for judgment as herein set forth below.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
ALL DEFENDANTS FOR CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF
PLAINTIFF DECEDENT'S EIGHTH AMENDMENT RIGHTS, ACTIONABLE UNDER
42 U.S.C. § 1983**

119.     Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs, "1" through "118," with the same force and effect as if set forth fully herein.

Case 1:24-cv-00425-JLS-MJR   Document 1-2   Filed 05/02/24   Page 28 of 63

120.    Plaintiff, decedent, and decedent's mother had persistently complained to Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 over harassing behaviors exhibited by correctional personnel, and the lack of appropriate attention Mr. Alves required considering his physiological and medical needs, and were denied measures to abate the same.

121.    Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 acted maliciously and sadistically to punish the prisoner, that such punishment would be cruel and unusual, and accordingly violated the Eighth Amendment.

122.    As previously described, Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 failed to provide adequate medical care and use reasonable measures to guarantee the safety of inmates, including Mr. Alves.

123.    Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, ZALUSKI, DESA, and Wende Correction Officers JOHN and JANE DOES 1-5 acted with deliberate indifference to Mr. Alves' serious medical needs by failing to attend to those concerns raised about the increase in propensity to cause self-harm or diminish his mental state.

124.    WHEREFORE, Plaintiff CINDY ALVES prays for judgment as herein set forth below.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, AND DESA FOR NEGLIGENCE IN HIRING, TRAINING, AND SUPERVISION CONSTITUTING DELIBERATE INDIFFERENCE IN VIOLATION OF PLAINTIFF DECEDENT'S FOURTEENTH AMENDMENT RIGHTS, ACTIONABLE UNDER 42 U.S.C. § 1983**

125.     Plaintiff, CINDY ALVES, hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs, "1" through "124," with the same force and effect as if set forth fully herein.

126.     Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA, as policymakers, failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

127.     Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA's deficiencies in hiring, training, and adequately supervising their employees was highly likely to inflict the particular injury suffered by the Plaintiff.

128.     As alleged herein and above, Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA failed to hire, supervise and train their employees and agents to adequately screen inmates.

129.     Due to Defendant DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, and DESA's failure to properly hire, supervise, and train its officers and personnel, this resulted the suicide at issue of Cecil Alves.

130.     Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, AND DESA further maintained policies and practices insufficient to mitigate the serious risk to the safety and security inmates during serious mental health concerns. This is a known risk to Defendants.

131.     As alleged herein and above, Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, AND DESA failed to hire, supervise and train

Officers and Personnel to adequately address an inmates' medical needs, including the issues Plaintiff Decedent suffered.

132.     Identifying and adequately addressing the medical needs of inmates requires specialized training, and upon information and belief, Defendants DOCCS, OMH, ANNUCCI, SULLIVAN, YEHL, STIRK, BUSTER, MAHER, AND DESA failed to hire the appropriate personnel for this role.

133.     Defendants knew and/or should have known that a failure to adequately train, supervise, and monitor the conduct of officers and personnel would likely result in unreasonable danger to inmates.

134.     WHEREFORE, Plaintiff CINDY ALVES prays for judgment as herein set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:
1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against the individually named Defendants in their individual capacities in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For costs of suit herein incurred; and
7. For such other and further relief as this Court deems just and proper.


DATED:     Buffalo, New York                    **PENBERTHY LAW GROUP LLP**
           February 14, 2024

                                               By: _s/Brittanylee Penberthy_
                                               BRITTANYLEE PENBERTHY, ESQ.
                                               Attorneys for Plaintiff
                                               Office and P.O. Address
                                               227 Niagara Street
                                               Buffalo, New York 14201
                                               (716) 803.8402

# EXHIBIT 2

December 3rd 2021

To All Concerned

Dear Ms. J. Krygier: Supervisor – Inmate Grievance Program


cc: Ms K. Kelly: Acting Superintendent - Wende Correctional Facility
cc: Ms. Shelley Mallozzi: Director of Inmate Grievance Program
cc: Mr. Stephan Maher: OSI- Office of Special Investigation
cc: C. Zaluski: Counselor
cc: Dr. Desa: M.H.U.
cc: Anthony J. Annucci: Commissioner

Re: Cecil Alves # OOAO339 Complaint Grievance dated October 23rd 2021

Subject: Harassment by officer Baker who allegedly aimed mace pray at Cecil Alves #00A0339 face.

Your response to the above Complaint Grievance dated October 23rd, 2021 states that you the reviewer finds the grievance without merit, due to the grievant, Mr. Alves not providing any witnesses. Based on your report, Officer Baker denied all allegations, it also stated that two inmates did not observe the allegations and based on such a memorandum was provided for your review. In the report, the names of the alleged staff officer, the investigative supervisor and inmates were not identified.

After reading your response I Rupiya M. Seepersad, the mother of Cecil Alves #00A0339 as well as Cecil's himself does not agree that his grievance is without merit. My son Cecil Alves, does not have a history of disrespecting prison officers and/or getting into altercation with them. Cecil's record should be considered. Cecil has continuously documented the harassment he has endured from prison officers with names specified in his appeals. This injustice needs to stop. Despite being an inmate, prisoners should be treated with some humanity and not as animals. I am his mother and I am advocating for my son. All my son wishes, is for the prison officers not to instill constant fear via verbal/physical intimidation (i.e. mace spray). My son is hearing impaired cannot read or write. He has a history of anxiety/depression as well as suicidal attempts. If this harassment continues by your prison officers, it can end in a fatal tragedy for my son.

I understand that a Grievance of harassment is filed as per directive 4040 Section 701.8. However, Section 701.5 states if an an inmate is deaf or hard of hearing or have any difficulty in communication is ensured full assistance to all steps in the grievance process. According to Cecil Alves, he was not given any accommodations nor was he advised how to effectively submit a grievance. Cecil has reports documenting that he has significant hearing impairment, reading and writing difficulty via his Psycho-

educational Evaluation which is on file at the Wende Correctional Facility. Therefore, his basic rights were taken away from him making the Grievance, the investigation and your report improper.

As per your statement, my son did not provide any witnesses. Who will come forward and verbalize what happened? Officers will not come forward as they all stick together in protection of their fellow officers. In addition, Cecil's prison inmates will not come forward as they fear there will be retaliation from prison officers. Therefore, the cycle of abuse and harassment will continue not only for my son but all other prisoners.

Based on the information provided in the report, states that the officer Baker statements and two random incarcerated (i.e. inmates) was sufficient enough. Therefore, my son, Cecil Alves Grievance did not have any merit determined by you and the officers word, whether true/false be valued over the Grievant complaint.

I agree with my son Cecil that the incident was not fairly investigated and on his behalf I am requesting that he be given the maximum extension time permanently for for all future grievances, the proper assistance as well as the maximum extension time to submit this matter to C.O.R.C

As always for the past six years my son disability has been ignored and overlooked. Attached to this letter is documentation stating that Cecil Alves has a significant hearing impairment as well documentation for **approved** reasonable accommodation due to his significant learning disability especially in the areas of reading and writing.

DSS Brown was most certainly mention in his Grievance Complaint.

Kind regards,

_____
Rupiya Seepersad

# EXHIBIT 3

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

---

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

**AFFIRMATION OF
MAILING**

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

Index #: **802709/2024**

---

Our Job #: 7068761

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**

By mailing a copy of the above-mentioned documents to ANTHONY J. ANNUCCI, ACTING COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CORRECTION AND COMMUNITY SUPERVISION, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY on 04/01/2024 by Certified Mail to 1220 WASHINGTON AVE #9 ALBANY NY 12226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "URGENT LEGAL MAIL" in an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629752.   RETURN RECEIPT REQUESTED.

Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



X_____
Jacqueline L. Balikowski

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

* 7068761 *

# EXHIBIT 4

Supreme Court of The State of New York          Penberthy Law Group, LLP
County of Erie                                  227 Niagara St.
                                                Buffalo, NY 14201

---

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

                                  Plaintiff(s)        **AFFIRMATION OF**
                                                          **MAILING**
       - against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.                 Index #: 802709/2024
                                  Defendant(s)

---

Our Job #: 7068765

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter. I am over the age of 18 years, and I reside in the State of New York.

Documents: SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A

By mailing a copy of the above-mentioned documents to MELISSA M. DESA, MD, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY on 04/02/2024 by Certified Mail to 1220 Washington Ave, #9, Albany NY 12226, , in a postpaid properly addressed envelope: not indicating that the mailing was from an attorney or concerned legal action and marked **URGENT LEGAL MAIL** n an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629820. **RETURN RECEIPT REQUESTED**

Pursuant to CPLR 2106-1 affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
Jacqueline L. Balikowski

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

# EXHIBIT 5

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

                                    Plaintiff(s)

**AFFIRMATION OF
MAILING**

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

                                    Defendant(s)

Index #: **802709/2024**

Our Job #: 7068767

Jacqueline L. Balikowski, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter. I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**

By mailing a copy of the above-mentioned documents to STEVEN MAHER, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, OFFICE OF SPECIAL INVESTIGATION on 04/02/2024 by Certified Mail to 1220 WASHINGTON AVE #9 ALBANY NY 12226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked **URGENT LEGAL MAIL** in an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629844. **RETURN RECEIPT REQUESTED**

Pursuant to CPLR 2106-I affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
Jacqueline L. Balikowski

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

# EXHIBIT 6

**Supreme Court of The State of New York**
**County of Erie**

**Penberthy Law Group, LLP**
227 Niagara St.
Buffalo, NY 14201

---

**CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE**
**OF CECIL ALVES, DECEASED**

Plaintiff(s)

- against -

**NEW YORK STATE DEPARTMENT OF CORRECTIONS**
**AND COMMUNITY SUPERVISION, ET AL.**

Defendant(s)

**AFFIRMATION OF**
**MAILING**

Index #: **802709/2024**

---

Our Job #: 7068763

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE);**
**EXHIBIT A**

By mailing a copy of the above-mentioned documents to MARGARET STIRK, UNIT CHIEF, WENDE CORRECTIONAL FACILITY, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY on 03/31/2024 by Certified Mail to Anthony J. Annucci,official Capacity for Margaret Stirk 1220 WASHINGTON AVE #9 ALBANY NY 2226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked " URGENT LEGAL MAIL in an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629790.  RETURN RECEIPT
REQUESTED.

Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



X_____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

* 7068763 *

# EXHIBIT 7

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

---

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF
MAILING**

Index #: **802709/2024**

---

Our Job #: 7068770

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE);
EXHIBIT A**

By mailing a copy of the above-mentioned documents to NEW YORK STATE OFFICE OF MENTAL HEALTH on 04/01/2024 by Certified Mail to 44 HOLLAND AVE. ALBANY, NY 12208, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "URGENT LEGAL MAIL    " in an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629769. RETURN RECEIPT REQUESTED.

Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



X_____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

* 7068770 *

1 of 1

EXHIBIT 8

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF
SERVICE
SUITABLE AGE PERSON**

Index #: **802709/2024**

Our Job #: 7068739



**DAVID KOBLER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Monday, April 01, 2024** at **11:16 AM** at **350 MAIN STREET, MAIN PLACE TOWER, SUITE 300A, BUFFALO, NY 14202**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**, bearing Index # **802709/2024**

On **ANNE MARIE SULLIVAN, COMMISSIONER OF NEW YORK STATE OFFICE OF MENTAL HEALTH, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Christine Schwartzott, Legal Assistant**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **ANNE MARIE SULLIVAN, COMMISSIONER OF NEW YORK STATE OFFICE OF MENTAL HEALTH, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY.**

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: N/A, Hair Color: **Brown**, Age: **45**, Height: **5ft 9in**, Weight: **131-160**

Pursuant to NY CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____

**DAVID KOBLER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

| Supreme Court of The State of New York<br>County of Erie | Penberthy Law Group, LLP<br>227 Niagara St.<br>Buffalo, NY 14201 |
|---|---|

| | | |
|---|---|---|
| **CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE OF CECIL ALVES, DECEASED** | | |
| | Plaintiff(s) | **AFFIRMATION OF MAILING** |
| - against - | | |
| **NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ET AL.** | | Index #: **802709/2024** |
| | Defendant(s) | |

Our Job #: 7068769

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**

By mailing a copy of the above-mentioned documents to ANNE MARIE SULLIVAN, COMMISSIONER OF NEW YORK STATE OFFICE OF MENTAL HEALTH, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY on 04/01/2024 by Certified Mail to 44 HOLLAND AVENUE ALBANY NY 12208, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney ~~or concerned legal action~~ and marked " URGENT LEGAL MAIL " in an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629776.    RETURN RECEIPT REQUESTED.

Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com



* 7068769 *

# EXHIBIT 9

**Supreme Court of The State of New York**
**County of Erie**

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

---

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF
SERVICE
SUITABLE AGE PERSON**

Index #: 802709/2024

---

Our Job #: 7068741



**DAVID KOBLER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Tuesday, April 02, 2024** at **10:03 AM** at **3040 WENDE ROAD, WENDE CORRECTIONAL FACILITY, ALDEN, NY 14004**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**, bearing Index # 802709/2024

On **CHRISTOPHER YEHL, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Cindy Ferron, IRC1**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CHRISTOPHER YEHL, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY**.

On **04/02/2024**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to Defendant(s) at the said address by USPS First Class Mail.

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Light**, Hair Color: **Blonde**, Age: **40**, Height: **5ft**, Weight: **125-150**

**Military Status**: I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**DAVID KOBLER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224

Case 1:24-cv-00425-JLS-MJR    Document 1-2    Filed 05/02/24    Page 49 of 63

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

| CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE OF CECIL ALVES, DECEASED | |
|---|---|
| Plaintiff(s) | **AFFIRMATION OF MAILING** |
| - against - | |
| NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ET AL. | Index #: **802709/2024** |
| Defendant(s) | |

Our Job #: 7068762

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**

By mailing a copy of the above-mentioned documents to CHRISTOPHER YEHL, SUPERINTENDENT, WENDE CORRECTIONAL FACILITY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY on 04/01/2024 by Certified Mail to Anthony J. Annucci,official Capacity for Christopher Yehl 1220 WASHINGTON AVE #9 ALBANY NY 2226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked " URGENT LEGAL MAIL an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629783. RETURN RECEIPT REQUESTED.

Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



X_____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

* 7068762 *

# EXHIBIT 10

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

                                    Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

                                    Defendant(s)

**AFFIRMATION OF
SERVICE**
SUITABLE AGE PERSON

Index #: 802709/2024

Our Job #: 7068745



**DAVID KOBLER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Tuesday, April 02, 2024** at **10:03 AM** at **3040 WENDE ROAD, WENDE CORRECTIONAL FACILITY, ALDEN, NY 14004**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**, bearing Index # 802709/2024

On **CHRISTOPHER ZALUSKI**, COUNSELOR, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Cindy Ferron, IRC1**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **CHRISTOPHER ZALUSKI, COUNSELOR, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY**.

On **04/02/2024**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to Defendant(s) at the said address by USPS First Class Mail.

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Light**, Hair Color: **Blonde**, Age: **40**, Height: **5ft**, Weight: **125-150**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**DAVID KOBLER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

**AFFIRMATION OF
MAILING**

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

Index #: 802709/2024

Our Job #: 7068766

Jacqueline L. Balikowski, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter. I am over the age of 18 years, and I reside in the State of New York.

Documents: SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE);
EXHIBIT A

By mailing a copy of the above-mentioned documents to CHRISTOPHER ZALUSKI, COUNSELOR, IN HIS
OFFICIAL CAPACITY AND INDIVIDUALLY on 04/02/2024 by Certified Mail to 1220 WASHINGTON AVE #9
ALBANY NY 12226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney
or concerned legal action and marked **URGENT LEGAL MAIL** in an official depository under the exclusive care and
custody of the United States Post Office. Certified mail receipt number: 9589071052700471629837. **RETURN RECEIPT
REQUESTED**

Pursuant to CPLR 2106-1 affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York,
which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed
in an action or proceeding in a court of law.

X _____
Jacqueline L. Balikowski

WNY Process Service, LLC
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

# EXHIBIT 11

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF
SERVICE
GOVERNMENT AGENCY**

Index #: 802709/2024

Our Job #: 7068736

**DAVID KOBLER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Monday, April 01, 2024** at **11:16 AM** at **350 MAIN STREET, MAIN PLACE TOWER, SUITE 300A, BUFFALO, NY 14202**

I served a true copy of the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**, bearing Index # **802709/2024**

On **NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION** in the following manner:

By personally delivering a true copy of the above described documents to **Christine Schwartzott, Legal Assistant**, of the within named government agency.

**Approximate Description of Person The Documents Were Left With:**
Sex: **Female**, Skin/Race: **N/A**, Hair Color: **Brown**, Age: **45**, Height: **5ft 9in**, Weight: **131-160**

Pursuant to N.Y. CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**DAVID KOBLER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

1 of 2

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF
MAILING**

Index #: **802709/2024**

Our Job #: 7068760

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE);
EXHIBIT A**

By mailing a copy of the above-mentioned documents to NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION on 04/01/2024 by Certified Mail to 1220 WASHINGTON AVE #9 ALBANY NY 122269589071052700471629745, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked " URGENT LEGAL MAIL an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629745.
RETURN RECEIPT REQUESTED.
Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com



\* 7068760 \*

# EXHIBIT 12

**Supreme Court of The State of New York**
**County of Erie**

**Penberthy Law Group, LLP**
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF**
**SERVICE**
**SUITABLE AGE PERSON**

Index #: **802709/2024**

Our Job #: 7068743



**DAVID KOBLER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Tuesday, April 02, 2024** at **10:03 AM** at **3040 WENDE ROAD, WENDE CORRECTIONAL FACILITY, ALDEN, NY 14004**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**, bearing Index # **802709/2024**

On <u>**SERGEANT RENE BUSTER**</u>, **IN HER OFFICIAL CAPACITY AND INDIVIDUALLY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Cindy Ferron, IRC1**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **SERGEANT RENE BUSTER, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY**.

On **04/02/2024**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to Defendant(s) at the said address by USPS First Class Mail.

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Light**, Hair Color: **Blonde**, Age: **40**, Height: **5ft**, Weight: **125-150**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X
**DAVID KOBLER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

**Supreme Court of The State of New York
County of Erie**

**Penberthy Law Group, LLP**
227 Niagara St.
Buffalo, NY 14201

| | | |
|---|---|---|
| **CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE OF CECIL ALVES, DECEASED** | Plaintiff(s) | **AFFIRMATION OF MAILING** |
| - against - | | |
| **NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ET AL.** | Defendant(s) | Index #: **802709/2024** |

Our Job #: 7068764

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**

By mailing a copy of the above-mentioned documents to SERGEANT RENE BUSTER, IN HER OFFICIAL CAPACITY AND INDIVIDUALLY on 04/01/2024 by Certified Mail to Anthony J. Annucci,official Capacity for rene buster 1220 WASHINGTON AVE #9 ALBANY NY 2226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney ~~or concerned legal action~~ and marked " URGENT LEGAL MAIL" in an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629806. RETURN RECEIPT REQUESTED.

Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



X _____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

\* 7068764 \*

# EXHIBIT 13

Supreme Court of The State of New York
County of Erie

Penberthy Law Group, LLP
227 Niagara St.
Buffalo, NY 14201

CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE
OF CECIL ALVES, DECEASED

Plaintiff(s)

- against -

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, ET AL.

Defendant(s)

**AFFIRMATION OF
SERVICE
SUITABLE AGE PERSON**

Index #: **802709/2024**

Our Job #: 7068748



**DAVID KOBLER**, hereby subscribes and affirms that: I am over the age of 18 years, not a party to this action, and reside in the State of New York.

On **Tuesday, April 02, 2024** at **10:03 AM** at **3040 WENDE ROAD, WENDE CORRECTIONAL FACILITY, ALDEN, NY 14004**

I served the within **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**, bearing Index # **802709/2024**

On **WENDE CORRECTION OFFICERS JOHN AND JANE DOES 1-5, IN THEIR CAPACITY AND INDIVIDUALLY** in the following manner:

**SUITABLE AGE PERSON:** By personally delivering a true copy the documents to **Cindy Ferron, IRC1**, a person of suitable age and discretion who confirmed that this was the place of employment/usual place of business of **WENDE CORRECTION OFFICERS JOHN AND JANE DOES 1-5, IN THEIR CAPACITY AND INDIVIDUALLY**.

On **04/02/2024**, I completed service by mailing a true copy of the documents in a sealed postage paid envelope, bearing the legend "Personal and Confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served, properly addressed to Defendant(s) at the said address by USPS First Class Mail.

Approximate Description of Person Documents Were Left With:
Sex: **Female**, Skin/Race: **Light**, Hair Color: **Blonde**, Age: **40**, Height: **5ft**, Weight: **125-150**

**Military Status:** I asked the person the documents were left with if Defendant(s) was in the military service whatsoever but the party served did not have knowledge sufficient enough to provide an answer.

Pursuant to NY CPLR 2106-I affirm on 2nd day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____
**DAVID KOBLER**
Process Server

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com

**Supreme Court of The State of New York**
**County of Erie**

**Penberthy Law Group, LLP**
227 Niagara St.
Buffalo, NY 14201

| | | |
|---|---|---|
| CINDY ALVES, AS ADMINISTRATIX OF THE ESTATE OF CECIL ALVES, DECEASED | | **AFFIRMATION OF** |
| | Plaintiff(s) | **MAILING** |
| - against - | | |
| NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ET AL. | | Index #: **802709/2024** |
| | Defendant(s) | |

Our Job #: 7068768

**Jacqueline L. Balikowski**, the undersigned, hereby subscribes and affirms that I am not a party to the above captioned matter, I am over the age of 18 years, and I reside in the State of New York.

Documents: **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING (CONSENSUAL CASE); EXHIBIT A**

By mailing a copy of the above-mentioned documents to <u>WENDE CORRECTION OFFICERS JOHN AND JANE DOES 1-5</u>, IN THEIR CAPACITY AND INDIVIDUALLY on 04/01/2024 by Certified Mail to Anthony J. Annucci,official Capacity for Officers John and Jane Does 1-5 1220 WASHINGTON AVE #9 ALBANY NY 2226, , in a postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked " URGENT LEGAL MAIL In an official depository under the exclusive care and custody of the United States Post Office. Certified mail receipt number: 9589071052700471629813.   RETURN RECEIPT
                                                                            REQUESTED.
Pursuant to CPLR 2106-I affirm on 1st day of April, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X_____
**Jacqueline L. Balikowski**

**WNY Process Service, LLC**
*Main Office*
4300 Seneca St.
Suite 1035
Buffalo, NY 14224
Service@WNYProcess.com


* 7068768 *

# EXHIBIT 14

**28 U.S.C. § 1446(a), List of Process, Pleadings and Orders filed in State Court Action**

(Doc. 1) Summons and Complaint

(Doc. 2) Complaint Exhibit A – Letter Warning of Suicide

(Doc. 3) "Affirmation/Affidavit of Service, AOM Annucci"

(Doc. 4) "Affirmation/Affidavit of Service, AOM Desa"

(Doc. 5) "Affirmation/Affidavit of Service, AOM Maher"

(Doc. 6) "Affirmation/Affidavit of Service, AOM Stirk"

(Doc. 7) "Affirmation/Affidavit of Service, AOM NYS Mental Health"

(Doc. 8) "Affirmation/Affidavit of Service, AOS and AOM Sullivan"

(Doc. 9) "Affirmation/Affidavit of Service, AOS and AOM Yehl"

(Doc. 10) "Affirmation/Affidavit of Service, AOM and AOS Zaluski"

(Doc. 11) "Affirmation/Affidavit of Service, AOM and AOS of NYS DOCCS",

(Doc. 12) "Affirmation/Affidavit of Service, AOS and AOM Buster"

(Doc. 13) "Affirmation/Affidavit of Service, AOS and AOM John and Jane Does"