UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

CINDY ALVES, as Administratix of the
Estate of CECIL ALVES, Deceased,

      Plaintiff,

  v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; ANTHONY J. ANNUCCI,
Acting Commissioner of New York State
Department of Corrections and Community
Supervision, in his official capacity and
individually; NEW YORK STATE OFFICE OF
MENTAL HEALTH; ANN MARIE
SULLIVAN, Commissioner of New York State
Office of Mental Health, in her official
capacity and individually;
SUPERINTENDENT CHRISTOPHER YEHL,
Superintendent, Wende Correctional Facility,
in his official capacity and individually; UNIT
CHIEF MARGARET STIRK, Unit Chief,
Wende Correctional Facility, in her official
capacity and individually; SGT. RENE
BUSTER, in her official capacity and
individually; DR. MELISSA M. DESA, in her
official capacity and individually;
CHISTOPHER ZALUSKI, counselor, in his
official capacity and individually; STEVEN
MAHER, in his official capacity and
individually, Office of Special Investigation,
and Wende Correction Officers; and JOHN
AND JANE DOES 1–5, in their official
capacity and individually,

      Defendants.
_____

24-CV-425 (JLS) (MJR)

## DECISION AND ORDER

Plaintiff Cindy Alves, as Administratrix of the Estate of Cecil Alves, commenced this action in state court—alleging several federal and state claims against Defendants New York State Department of Corrections and Community Supervision ("DOCCS"), Anthony J. Annucci, New York State Office of Mental Health, Ann Marie Sullivan, Superintendent Christopher Yehl, Unit Chief Margaret Stirk, Sgt. Rene Buster, Dr. Melissa M. Desa, Christopher Zaluski, Steven Maher, and John and Jane Does 1–5 (collectively, "Defendants"). *See* Dkt. 1-2. Defendants removed the action. Dkt. 1.

On May 9, 2024, Defendants filed a motion to dismiss. Dkt. 2. Plaintiff responded (Dkt. 7), and Defendants replied. Dkt. 8. The parties appeared for oral argument before Judge Roemer.[1] He then requested further briefing from the parties. Dkt. 11. The parties submitted briefs, responding to the outstanding issues. Dkt. 12–13.

On March 12, 2025, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion to dismiss Plaintiff's complaint, with leave to amend. Neither party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's

---

[1] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 4.

recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, and accepts and adopts Judge Roemer's recommendation.

For the reasons stated above, and in the R&R, this Court GRANTS Defendants' [2] motion to dismiss Plaintiff's complaint, with leave to amend, as described in the R&R. This case is referred back to Judge Roemer for further proceedings.

SO ORDERED.

Dated:   April 25, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE