UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

CINDY ALVES, as Administratrix of the Estate
of CECIL ALVES, Deceased,

        Plaintiff,

  v.

ANTHONY J. ANNUCCI, Acting Commissioner
of New York State Department of Corrections
and Community Supervision, sued herein
individually; ANN MARIE SULLIVAN,
Commissioner of New York State Office of
Mental Health, sued herein individually;
CHRISTOPHER YEHL, Superintendent, Wende
Correctional Facility, sued herein individually;
MARGARET STIRK, Unit Chief, Wende
Correctional Facility, sued herein individually;
SERGEANT RENE BUSTER, sued herein
individually; MELISSA M DESA, MD, sued
herein individually; CHRISTOPHER ZALUSKI,
counselor, sued herein individually; and
STEVEN MAHER, sued herein individually,
Office of Special Investigation,

        Defendants.
_____

24-CV-425 (JLS) (MJR)

## DECISION AND ORDER

Plaintiff commenced this action in New York State court on April 17, 2024, asserting federal and state claims surrounding her brother's death by suicide while incarcerated at the Wende Correctional Facility. *See* Dkt. 1-2 at 11–30. The action was removed to federal court on May 2, 2024. Dkt. 1. The case has been referred to

United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 4.

On May 9, 2024, Defendants moved to dismiss Plaintiff's complaint. Dkt. 2. On April 25, 2025, this Court granted Defendants' motion to dismiss while giving Plaintiff leave to replead several of her claims. Dkt. 15 at 3. On May 28, 2025, Plaintiff filed an amended complaint, Dkt. 17, which alleged: (1) a claim against all Defendants for deliberate indifference to serious medical needs in violation of Plaintiff's decedent's Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983, *id.* at 21–24; (2) a claim against Defendants Sullivan, Stirk, and Desa for medical malpractice, *id.* at 24–26; (3) a claim against Defendants Sullivan, Stirk, and Desa for negligence, *id.* at 26–28; (4) a claim against Defendants Sullivan, Stirk, and Desa for wrongful death, *id.* at 28–29; (5) a claim against all Defendants for maintaining policies, custom, and practices that failed to protect and constituted deliberate indifference in violation of Plaintiff's decedent's Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983, *id.* at 29–31; (6) a claim against all Defendants for cruel and unusual punishment in violation of Plaintiff's decedent's Eight Amendment rights, actionable under 42 U.S.C. § 1983, *id.* at 31–32; and (7) a claim against Defendants Annucci, Sullivan, Yehl, and Stirk for negligence in hiring, training, and supervision constituting deliberate indifference in violation of Plaintiff's decedent's Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983, *id.* at 32–34. On July 11, 2025, Defendants moved to dismiss the amended

complaint. Dkt. 23. Plaintiff filed a response in opposition, Dkt. 26, and the Defendants replied, Dkt. 29.

On December 16, 2025, Judge Roemer issued a Report and Recommendation (R&R) addressing the motion to dismiss. Dkt. 32. He recommends that the motion to dismiss be granted as to Plaintiff's fifth, sixth, and seventh causes of action, as well as to all Section 1983 claims against Defendants Annucci, Sullivan, Yehl, and Maher. *Id.* at 5–14. He further recommends that the motion to dismiss be denied as to Plaintiff's state law claims and as to Plaintiff's Section 1983 claim against Defendants Sirk, Buster, Desa, and Zaluski for deliberate indifference to serious medical needs in violation of the Eighth Amendment. *Id.* at 13–18. Neither party filed objections, and the time to do so has expired. *See* Dkt. 32 at 18 (stating that objections to the R&R were due within fourteen days of receipt).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and, based on that review, and in the absence of any objections, the Court accepts Judge Roemer's recommendation.

Thus, for the reasons in the R&R, Defendants' motion to dismiss, Dkt. 23, is GRANTED as to Plaintiff's fifth, sixth, and seventh causes of action, as well as to all Section 1983 claims against Defendants Annucci, Sullivan, Yehl, and Maher, and it is DENIED as to Plaintiff's state law claims and as to Plaintiff's Section 1983 claim against Defendants Sirk, Buster, Desa, and Zaluski for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The case is referred back to Judge Roemer consistent with the May 10, 2024 referral order. *See* Dkt. 4. SO ORDERED.

Dated:  January 20, 2026
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE